Mark E. Brenner, Esq., SBN 106962
Mark E. Brenner, A Professional Corporation
7009 Owensmouth, No. 102
Canoga Park, CA 91303
Telephone (818)313-9966
Attorney for Debtors

# UNITED STATES BANKRUPTCY COURT

# CENTRAL DISTRICT OF CALIFORNIA

In re:

HORACIO ECHEVERRIA
HERMELINDA ECHEVERRIA

Case No.  1:09-bk-26083

Chapter 11

## DISCLOSURE STATEMENT

Dated: June 21, 2010

**Disclosure Statement and
Plan Confirmation Hearing:**

**Date:**      **August 3, 2010**
**Time:**      **10:00 a.m.**
**Ctrm:**      **303**

Attached is a Chapter 11 plan (the "Plan") proposed by the above-named debtor(s) ("Debtor"). Debtor attests that the information stated in this Disclosure Statement and the Plan is accurate. All Creditors should refer to Articles I-IV of the Plan for the precise treatment of their claims. This Disclosure Statement is explanatory only; the language used in the Plan is binding. **Your rights may be affected. You should read these papers carefully and discuss them with your attorney, if you have one.**

## Part 1

### Proposed Treatment of Claims

**A.** **Secured Creditors:** see Article I, Classes 2 & 3 of the Plan.

**B.**    **General Unsecured Creditors:** will be paid 7.5% of their allowed claim in equal monthly installments over five-years. However, creditors whose allowed claims are $__na___ or less or who elect to reduce their allowed claim to $__na____ will receive a single payment equal to 100% of their allowed claim shortly after the Plan is confirmed. See Article I, Class 4 of the Plan.

**C.**    **Administrative Priority Claimants and Involuntary Gap Priority Creditors:** will be paid in full shortly after the Plan is confirmed.  See Article I, Class 1(a) & Article II, B. of the Plan.  (Involuntary Gap Priority Creditors exist only in cases commenced involuntarily and have claims that arose after the involuntary petition was filed but prior to the Court's appointing a trustee or granting the petition.)

**D.**    **Tax Priority Claimants:** if any, will be paid in full over five years with interest.  See Article II, C. of the Plan.

**E.**    **Other Priority Claimants:** will be paid in full over _0_ years with interest. Alternatively, if any of the priority classes vote to reject the Plan, that class will be paid in full shortly after confirmation of the Plan.   See Article I, Class 1 of the Plan.

**F.**    **Executory Contracts and Leases:** see Article IV of the Plan.

Upon completion of the payments under the Plan, Debtor will receive a discharge of pre-confirmation debts. The payments promised in the Plan constitute new contractual obligations that replace the discharged pre-confirmation debts. Creditors may not sue so long as Debtor is not in material default under the Plan. If Debtor materially defaults in performing the Plan, affected creditors may sue Debtor to enforce the terms of the Plan or move to dismiss this case or to convert it to a Chapter 7 bankruptcy case. See Article VI of the Plan.

**Part 2**

**Voting**

**A.**    **Who may vote:** Creditors are entitled to vote on confirmation of the Plan unless (i) their class is unimpaired (presumed to accept) or is to receive no distribution

1  (presumed to reject); (ii) an objection has been filed to that creditor's claim, (iii) that

2  creditor's claim is scheduled by Debtor as contingent, disputed, unliquidated or unknown

3  and the creditor has not filed a proof of claim; or (iv) the claim is unclassified (and thus

4  required by law to be paid in full). A creditor whose claim has either been objected to or

5  been scheduled by Debtor as contingent, disputed, unliquidated or unknown and the

6  creditor has not filed a proof of claim, and who wishes to vote, must move to have its claim

7  allowed for voting purposes by filing a motion for such relief in time for that motion to be

8  heard at or before the hearing on confirmation of the Plan (the "Confirmation Hearing").

9          **B.**     **How to vote:** Fill out and return the attached ballot so that it is received by

10  Debtor's counsel no later than 14 days before the Confirmation Hearing.

11          **C.**     **Effect of vote:** The Plan will be confirmed only if (i) it is accepted by each

12  impaired class, or (ii) it is accepted by at least one impaired class (exclusive of insiders)

13  and the Court determines that it is "fair and equitable" (as defined by 11 U.S.C. §1129(b))

14  to all dissenting classes of creditors. A class of creditors accepts the Plan if it is accepted

15  by a majority in number and two-thirds in dollar amount of creditors who cast ballots.

16

17                              **Part 3**

18                    **Source of Payments under the Plan**

19          The Debtor intends to make the payments required under the Plan from the

20  following categories as indicated:

21  _✓__ **A. Available Cash.** Debtor projects $10,000 cash will be available on the date of

22  the Confirmation Hearing.

23  _✓__ **B. Future disposable income.** Debtor calculates Debtor's projected monthly

24  disposable income for the five-year period following confirmation will be $1,000. This is

25  based on projected monthly income of $8,500.00 and expenses of $7,500. set forth on

26  Debtor's Declarations of Current/Post-Petition Income and Expenses (Local Bankruptcy

27  Rule Form 3015-1.20), which have been prepared as of June 15, 2010 and are attached

28  hereto as **Exhibit A**.

1      This projection is consistent with (i) Debtor's average monthly income for the six

2    months prior to this case of $8500, as set forth in Debtor's Statement of Current Monthly

3    Income (Official Bankruptcy Form 22B) filed with this court and (ii) average monthly

4    income of $7500 and average monthly expenses (excluding professional expenses and

5    fees incurred in this bankruptcy case) of $5592.75 during the six months since the petition

6    date (based on monthly operating statements filed with the Court), except such

7    differences explained as follows:

8    Debtor will experience periodic spikes in income resulting from real estate sales and

9    commissions on life insurance sales.  For example, Debtor is due a real estate

10    commission of $10,738.86 and a commission for life insurance sales of $3,719.95 prior

11    to the hearing on this disclosure statement.  This and similar increases will be off-set

12    by months without any sales commissions being received.

13    ___√___  **C.  Other sources of funding**, as follows:

14    Debtor maintains a steady income of $5,000 as salary from the operation of H'ermes

15    Manufacturing. Upon request, Debtor will provide copies of the Statement of Current

16    Monthly Income and/or monthly operating statements.  Debtors also will rent a spare

17    room for $250.

18    **Part 4**

19    **Liquidation Analysis**

20      Debtor's schedules A and B, as amended for the purposes of this Disclosure

21    Statement, are attached hereto as **Exhibit B.**  On each schedule, Debtor has added

22    the liquidation value of each asset on these schedules (to the extent different from the

23    value stated on the schedules when the petition was filed) and has attached appendix

24    **B1** describing the valuation methods used for the liquidation values.  Under this

25    liquidation analysis:

26    Total Liquidation Value of Debtors' Assets:        $ 574,737.00

27     Less secured claims (Article I, Classes 2&3 of Plan)    ($975,759.00)[1]

28

---

[1] As scheduled.  This amount does <u>not</u> include arrears, interest, costs or attorney fee.

| | | |
|---|---|---|
| 1 | Total value of non-encumbered, non exempt assets. | $2,337.00 |
| 2 | Less estimated Chapter 7 trustee expenses | ($584.25) |
| 3 | Less Estimated Administrative Claims and Priority Tax Claims (see Article II of Plan) | ($2,000) |
| 5 | Less Other Priority Claims (see Article I, Class 1 of Plan) | ($0.00) |
| 6 | Liquidation value available to general unsecured creditors | $0.00 |
| 8 | Divide by Estimated amount of general unsecured claims (see Article I, Class 4 of Plan; Exhibit C) | $426,379.04 |
| 9 | Equals by Estimated % of claims general unsecured creditors would receive in a liquidation of Debtor | 0% |

Respectfully submitted,

By: _____
        Horacio Echeverria

By: _____
        Hermelinda Echeverria

By: _____
        Mark E. Brenner, Esq. Attorney
        for the Debtor

1 | Mark E. Brenner, Esq., SBN 106962
Mark E. Brenner, A Professional Corporation
2 | 7009 Owensmouth, No. 102
Canoga Park, CA 91303
3 | Telephone (818)313-9966
Attorney for Debtors

4

5

6

7

8 | **UNITED STATES BANKRUPTCY COURT**

9 | **CENTRAL DISTRICT OF CALIFORNIA**

10

11 | In re:                                         Case No.  1:09-bk-26083

12 |                                                  Chapter 11

13 | HORACIO ECHEVERRIA                 **(PROPOSED)PLAN OF**
    HERMELINDA ECHEVERRIA           **REORGANIZATION**
14

15 |                                                  Dated: June 21, 2010

16 |                                                  Disclosure Statement and
                                                     Plan Confirmation Hearing:

17 |                                                  Date:        **August 3, 2010**
                                                     Time:        **10:00 a.m.**
18 |                                                  Ctrm:        **303**

19 |         This plan of reorganization (the "Plan") under Chapter 11 of 11 U.S.C. §§ 101

20 | et seq. (the "Bankruptcy Code") provides for the restructuring of the debts of the

21 | above-named debtor ("Debtor"). If confirmed, the Plan will bind all creditors provided for

22 | in the Plan, whether or not they file a proof of claim, accept the Plan, object to

23 | Confirmation, or have their claims allowed. All Creditors should refer to Articles I-IV of this

24 | Plan for the precise treatment of their claims. A disclosure statement (the "Disclosure

25 | Statement") that provides additional information is being circulated with this Plan. The

26 | Disclosure Statement is explanatory only; the language used in the Plan is binding. **Your**

27 | **rights may be affected. You should read these papers carefully and discuss them**

28 | **with your attorney, if you have one.**

# Article I

## Classification and Treatment of Claims

**Class 1:  Priority Claims.**

This class includes allowed claims entitled to priority under § 507 of the Bankruptcy Code (except administrative claims under § 507(a)(2) and priority tax claims under § 507(a)(8), which are treated in Article II).  Debtor has creditors in Classes 1(a) though 1(f) as indicated:

___✓___        Debtor has no creditors in Class 1.

_____ Class 1(a):  claims entitled to priority under Bankruptcy Code § 507(a)(1).  Debtor proposes to pay each claim in Class 1(a) in full over __ years time, with __% post-confirmation interest.  Payments will be made in equal [monthly][quarterly] amortizing installments, due on the first day of each calendar [month][quarter], starting on the first such date after the Effective Date.  This class is impaired and entitled to vote on confirmation of the Plan.  For instructions on voting, see Part 2 of the Disclosure Statement.  If this Class does not vote to accept the Plan, then each claim in the class will be paid in full on the Effective Date (except to the extent a holder of a claim in the class agrees to other terms).  To the extent that this class contains claims for professionals employed pursuant to court order but not yet allowed by the Court, payment will commence after entry of a court order allowing that claim.

_____ Class 1(b):  claims entitled to priority under Bankruptcy Code § 507(a)(3).  Debtor will pay claims allowed under § 502(f) and entitled to priority under § 507(a)(3) in full on the Effective Date, except to the extent a holder of such claim agrees to other terms.  This class is not impaired and not entitled to vote on the Plan.

_____ Class 1(c):  claims entitled to priority under Bankruptcy Code § 507(a)(4).  Debtor proposes to pay each claim in Class 1(c) in full over __ years time, with __% post-confirmation interest.  Payments will be made in equal [monthly][quarterly] amortizing installments, due on the first day of each calendar [month][quarter], starting on the first such date after the Effective Date.  This class is impaired and entitled to vote on

confirmation of the Plan. For instructions on voting, see Part 2 of the Disclosure Statement. If this Class does not vote to accept the Plan, then each claim in the class will be paid in full on the Effective Date (except to the extent a holder of a claim in that class agrees to other terms).

_____ Class 1(d): claims entitled to priority under Bankruptcy Code § 507(a)(5). Debtor proposes to pay each claim in Class 1(d) in full over __ years time, with __% post-confirmation interest. Payments will be made in equal [monthly][quarterly] amortizing installments, due on the first day of each calendar [month][quarter], starting on the first such date after the Effective Date. This class is impaired and entitled to vote on confirmation of the Plan. For instructions on voting, see Part 2 of the Disclosure Statement. If this Class does not vote to accept the Plan, then each claim in the class will be paid in full on the Effective Date (except to the extent a holder of a claim in that class agrees to other terms).

_____ Class 1(e): claims entitled to priority under Bankruptcy Code § 507(a)(6). Debtor proposes to pay each claim in Class 1(e) in full over __ years time, with __% post-confirmation interest. Payments will be made in equal [monthly][quarterly] amortizing installments, due on the first day of each calendar [month][quarter], starting on the first such date after the Effective Date. This class is impaired and entitled to vote on confirmation of the Plan. For instructions on voting, see Part 2 of the Disclosure Statement. If this Class does not vote to accept the Plan, then each claim in the class will be paid in full on the Effective Date (except to the extent a holder of a claim in that class agrees to other terms).

_____ Class 1(f): claims entitled to priority under Bankruptcy Code § 507(a)(7). Debtor proposes to pay each claim in Class 1(f) in full over __ years time, with __% post-confirmation interest. Payments will be made in equal [monthly][quarterly] amortizing installments, due on the first day of each calendar [month][quarter], starting on the first such date after the Effective Date. This class is impaired and entitled to vote on confirmation of the Plan. For instructions on voting, see Part 2 of the Disclosure

1  Statement. If this Class does not vote to accept the Plan, then each claim in the class will

2  be paid in full on the Effective Date (except to the extent a holder of a claim in that class

3  agrees to other terms).

4  **Class 2 : Mortgage(s) on unimpaired secured claims**.

5        This class includes claims secured by a lien on property in which Debtor has an

6  interest that are unimpaired under the Plan. Debtor will cure any default that occurred

7  before or after the petition date in this case, reinstate the maturity of that claim as such

8  maturity existed before the default, maintain current payments, and not otherwise alter the

9  legal, equitable or contractual rights to which that claim entitles the holder of the claim.

10  All arrears shall be paid in full on the Effective Date, unless the holder of the claim agrees

11  to other terms. Regular payments made thereafter will be made when due under the

12  documents governing claim.

13  These classes are unimpaired and not entitled to vote on the Plan.

| Class | Name of Creditor | Address of Collateral | Amount of Arrearages | Regular Monthly Payment |
|-------|------------------|------------------------|----------------------|--------------------------|
| 2(a) | | | | |
| 2(b) | | | | |
| 2(c) | | | | |

20  **Class 3: Other Secured Claims including Debtor's primary residence**

21        This class includes claims secured by a lien on property in which Debtor has an

22  interest, other than the unimpaired secured claims in Class 2, to the extent of the value

23  of that creditor's interest in Debtor's interest in the property, pursuant to § 506 of the

24  Bankruptcy Code. The amount of the claim, if any, in excess of the secured claim is an

25  unsecured claim in Class 3. However if the claim is secured solely by the Debtor's

26  principal residence and there is any amount of equity to at least partially secure the claim,

27  the claim will be paid in full as a secured claim in this class. § 1123(b)(5). The following

28  chart lists Class 3 claims and their proposed treatment under the Plan:

**3(a)   Secured claim of:**

Name = Union Bank                                    Monthly Payment[2] =$382.40

Collateral description = 2665 Lebec Rd.              Payments Begin = month 1
            Lebec, CA
Priority of lien = First                             Payments End = month 36

Principal owed =                                     Balloon Payment, if any = n
$393,250
                                                     Interest Rate = 6.375%
Pre-petition arrearage =
$12,439.55

Total claim (at petition date) =
$405.689.55

Value of collateral (at 12/22/2010) =
$260,000.00

Post-petition interest, etc., if any =
$0.00

Allowed secured claim =
$416,688.14

Regular maintenance payments =
$2,383.91

**3(b)    Secured claim of:**
Name = Citimortgage                                 Monthly Payment[3]
                                                    =$610.61/1000.00

Collateral description = 2831 Beaver Ave.           Payments Begin = 1-36
                                                    @$610.61; month 36 to 43 @
                                                    1000.00

Priority of lien =First                             Payments End =

Principal owed =                                    Balloon Payment, if any = n
$418,350.00
                                                    Interest Rate =6%
Pre-petition arrearage =
$14,627.35

Post-Petition deficiencies =
$17,552.82 less payments tendered and accepted = (4)$7755.05 = $9797.77

Total claim (at petition date) =

---

[2]Payment for arrears only. Debtors to remain current on post petition mortgage payments.

[3]Payment for arrears only. Debtors to remain current on post petition mortgage payments.

1    $432,977.35 ($25,975.35 cured through the plan)

2    Value of collateral (at December 23, 2009) =
     $360,000.00

3

     Post-petition interest, etc., if any =
4    $438.81

5    Allowed secured claim =
     $432,977.35

6

     Regular maintenance payments =
7    $2,925.47

8    Monthly payments will be due on the first day of the month.

9        If a secured creditor disputes the value of its collateral as stated above by Debtor,

10   that secured creditor must timely file an objection to confirmation of the Plan, or the value

11   stated by Debtor will be determined to be the value of the collateral.  The objection shall

12   be accompanied by competent evidence of valuation, which need not include an

13   appraisal.  If the value of the collateral is disputed, the Court, after consultation with the

14   parties, will schedule a hearing for determining value.

15       To the extent that there are any defaults that are not being cured or paid in full on

16   or before the effective date, those classes are impaired and entitled to vote on the Plan.

17   See Part 2 of the Disclosure Statement for instructions on voting.

18   **Class 4:  General Unsecured Claims**.

19       Class 4(a):  Small Claims.  This class includes any allowed unsecured claim of

20   $_n/a_____ or less, and any allowed unsecured claim larger than $_n/a_____ but whose

21   holder agrees to reduce its claim to $__n/a____.  Each member of this class shall receive

22   on the Effective Date a single payment equal to 100% of the allowed claim.  This class is

23   unimpaired and not entitled to vote on the plan.

24       Class 4(b):  Other General Unsecured Creditors.  This class includes all allowed

25   unsecured claims not in Class 4(a).  Each member of Class 4(b) shall be paid 7.5 % of its

26   claim over five years in equal monthly installments, due on the first day of each calendar

27   (month/quarter), starting on the forty-fouth (44th) month after the Effective Date.

28       This class is impaired and entitled to vote on confirmation of the Plan.  For

     instructions on voting, see Part 2 of the Disclosure Statement.

1    Undisputed Class 4 claims, as of this date, are listed on **Exhibit C** to the Disclosure

2    Statement.

3    **Article II**

4    **Treatment of Unclassified Claims**

5    Under Bankruptcy Code § 1123(a)(1), (i) administrative expense claims allowed

6    under Bankruptcy Code § 503(b) and entitled to priority under § 507(a)(2)(including the

7    claims of professionals, United States Trustee fees and domestic support obligations

8    arising post-petition) and (ii) priority tax claims under § 507(a)(8) are not classified and are

9    not entitled to vote on confirmation of the Plan.  These claims shall be treated as follows:

10    A. Professional Fees. Professional fees may only be paid upon application to and

11    approval by the Bankruptcy Court.  Debtor will pay the professional fees in full in cash on

12    the later of (i) the Effective Date or (ii) approval by the Court, except to the extent that a

13    holder of such claim agrees to other terms.  Estimated administrative expenses to be paid

14    under this provision are currently estimated at $20,000.

15    B.    Other Administrative Claims.  Debtor will pay other claims allowed under

16    § 503(b) and entitled to priority under § 507(a)(2), including domestic support obligations

17    arising post-petition and U.S. Trustee fees, in full on the Effective Date (although

18    expenses arising and paid in the ordinary course of Debtor's financial affairs may be paid

19    as due), except to the extent that a holder of these claims agrees to other terms.

20    C.  Tax Claims. Debtor will pay claims entitled to priority under § 507(a)(8) in full

21    over time with _n/a_% interest in  equal amortizing payments in accordance with § 511

22    of the Bankruptcy Code.   Payments will be made quarterly, due on the first day of the

23    quarter, starting on the first such date after the Effective Date and ending on the last such

24    date that is no more than 5 years after the petition date.  Payment of priority tax claims

25    in full within 5 years of the order for relief and on terms not less favorable than those

26    accorded the most favored non-priority creditor is required by § 1129(9)( c).

27    / / /

28    / / /

## Article III

## Allowance and Disallowance of Claims

A. <u>Disputed Claim</u>. A disputed claim is a claim that has not been allowed or disallowed and as to which either: (i) a proof of claim has been filed or deemed filed and the Debtor or another party in interest has filed an objection; or (ii) no proof of claim has been filed and the Debtor has scheduled such claim as disputed, contingent, unliquidated or unknown.

B. <u>Delayed Distribution on Disputed Claims</u>. No distribution will be made on account of a disputed claim unless that claim is allowed by final non-appealable order.

C. <u>Settlement of Disputed Claims</u>. The Debtor will have the power and authority to settle and compromise a disputed claim with court approval and compliance with Rule 9019 of the Federal Rules of Bankruptcy Procedure.

## Article IV

## Executory Contracts and Unexpired Leases

A. <u>Executory Contracts and Leases Assumed</u>. The Debtor assumes the following executory contracts and unexpired leases, effective upon the Effective Date, and shall perform all obligations thereunder, both pre-confirmation and post-confirmation:

| Name of Lessor/ Counterparty | Property Address or Description | Lease/Contract Arrears as of Confirmation Hearing Date |
|---|---|---|
| None | None | None |
| | | |
| | | |
| | | |

Any pre-confirmation arrears shall be paid by the Effective Date, unless the parties agree otherwise or the Court finds that a proposed payment schedule provides timely cure and adequate assurance of future performance. Post-confirmation obligations will be paid as they come due.

B. <u>Executory Contracts and Leases Rejected</u>. The Debtor will be conclusively deemed to have rejected all executory contracts and/or unexpired leases not previously

1  assumed or listed in A above, as of the Effective Date.  A proof of claim arising from the

2  rejection of an executory contract or unexpired lease under this section must be filed no

3  later than 30 days after the date of the order confirming this Plan.  Claims arising from the

4  rejection of an executory contract or unexpired lease under this section are general

5  unsecured claims in Class 4, except to the extent this court orders otherwise.

6  **Article V**

7  **Means of Implementation**

8      The Plan will be funded through:

9  _✓_  a.      $10,000.00 of cash available on the date of the Plan Confirmation Hearing;

10  _✓_  b.      additional cash from monthly disposable income (projected to be

11            $_1000.00/month for the five-year period following confirmation); and/or

12  _✓_  c.      other sources of funding, as follows:

13   Access to exempt annuities in the amount of $3,000/year, adding approx. $250/month

14  to plan payments.

15

16  Please see Part 3 of the Disclosure Statement for further details of these projections.

17

18  **Article VI**

19  **Discharge and Other Effects of Confirmation**

20      A.  Discharge.  Upon completion of all payments under the Plan, the Debtor will

21  receive a discharge of all pre-confirmation debts, whether or not the creditor files a proof

22  of claim, accepts the Plan, or has its claim allowed, except as provided in § 1141 of the

23  Bankruptcy Code.[23]  Such discharge will not discharge Debtor from any debts that are

24  non-dischargeable under § 523 of the Bankruptcy Code.

25      B.  Vesting of Property.  On the Effective Date, all property of the estate will vest

26  in the reorganized debtor pursuant to § 1141(b) of the Bankruptcy Code, free and clear

27  of all claims and interests except as provided in the Plan.

28

C. Plan Creates New Obligations. The payments promised in the Plan constitute new contractual obligations that replace those obligations to creditors that existed prior to the Effective Date.

D. Creditor Action Restrained. Creditors may not take any action to enforce either pre-confirmation obligations or obligations due under the Plan, so long as the Debtor is not in Material Default under the Plan. If the Debtor is in Material Default under the Plan, then affected creditors may: (i) take any actions permitted under non-bankruptcy law to enforce the terms of the Plan or (ii) move to dismiss this case or to convert this case to a Chapter 7 bankruptcy case.

E. Material Default Defined. If Debtor fails to make any payment required under the Plan, or to perform any other obligation required under the Plan for more than 14 days after the time specified in the Plan, the affected creditor may serve upon Debtor and Debtor's attorney (if any) a written notice of default. The Debtor is in Material Default under the Plan if the Debtor fails within 21 days of the service of such notice of default either: (i) to cure the default or (ii) to obtain from the Court an extension of time to cure the default or a determination that no default occurred.

F. Retention of Jurisdiction. This court will retain jurisdiction to the extent provided by law.

## Article VII

## General Provisions

A. Definitions and Rules of Construction. The definitions and rules of construction set forth in §§ 101 and 102 of the Bankruptcy Code shall apply when terms defined or construed in the Code are used in the Plan.

B. Effective Date of Plan. The Effective Date of the Plan is 15 days following the date of the entry of the order confirming the Plan. But if a stay of the confirmation order is in effect on that date, the Effective Date will be the first business day after the date on which no stay of the confirmation order is in effect, provided that the confirmation order has not been vacated.

1        C. <u>Severability</u>. If any provision in the Plan is determined to be unenforceable, the

2  determination will in no way limit or affect the enforceability and operative effect of any

3  other provision of the Plan.

4        D.   <u>Cramdown</u>.   Debtor reserves the right to seek confirmation of the Plan

5  notwithstanding the rejection of the Plan by one or more classes of creditors, pursuant to

6  § 1129(b) of the Bankruptcy Code.

7        E. <u>Binding Effect</u>. The rights and obligations of any entity named or referred to in

8  this Plan will be binding upon and will inure to the benefit of the successors or assigns of

9  such entity.

10        F. <u>Captions.</u> The headings contained in this Plan are for convenience of reference

11  only and do not affect the meaning or interpretation of the Plan.

12        G. <u>Controlling Effect</u>. Unless a rule of law or procedure is supplied by federal law

13  (including the Bankruptcy Code or the Federal Rules of Bankruptcy Procedure), the laws

14  of the State of California govern the Plan and any agreements, documents, and

15  instruments executed in connection with the Plan, except as otherwise provided in this

16  Plan.

17                    Respectfully submitted,

18

19                 By: _____

20                    Horacio Echeverria

21                 By: _____

22                    Hermelinda Echeverria

23                 By: _____

24                    Mark E. Brenner, Esq.
                    Attorney for the Debtors

25

26

27

28

1 | Exhibit A:    Declarations of Current/Post-Petition Income and Expenses, prepared as
of June 21, 2010

2

Exhibit B:    Schedules A & B, as adjusted to provide liquidation values and with
3 | appendices describing valuation methods

4 | Exhibit C:    Undisputed unsecured claims

5 | Exhibit D:    Ballot

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28