1  Mark E. Brenner, Esq., SBN 106962
   Mark E. Brenner, A Professional Corporation
2  7009 Owensmouth, No. 102
   Canoga Park, CA 91303
3  Telephone (818)313-9966
   Attorney for Debtors

4

5

6

7

8                    UNITED STATES BANKRUPTCY COURT

9                    CENTRAL DISTRICT OF CALIFORNIA

10

11   In re:                                   Case No.  1:09-bk-26083

12                                             Chapter 11

13   HORACIO ECHEVERRIA                        DEBTOR'S *FIRST AMENDED* PLAN
     HERMELINDA ECHEVERRIA                     OF REORGANIZATION
14
                                               Dated: September 27, 2010
15
                                               **Plan Confirmation Hearing:**
16
                                               **Date:**      **October 5, 2010**
17                                             **Time:**      **10:00 a.m.**
                                               **Ctrm:**      **303**
18

19          This amended plan of reorganization (the "Amended Plan") under Chapter 11 of 11 U.S.C.

20   §§ 101 et seq. (the "Bankruptcy Code") provides for the restructuring of the debts of the

21   above-named debtor ("Debtor"). If confirmed, the Amended Plan will bind all creditors provided

22   for in the Amended Plan, whether or not they file a proof of claim, accept the Amended Plan, object

23   to Confirmation, or have their claims allowed. All Creditors should refer to Articles I-IV of this

24   Amended Plan for the precise treatment of their claims. A disclosure statement (the "Disclosure

25   Statement") that provides additional information has been circulated previously and applies to this

26   Amended Plan, which only corrects technical language regarding one creditor in Category 3a. The

27   Disclosure Statement previously circulated is explanatory only; the language used in the Amended

28   Plan is binding. **Your rights may be affected. You should read these papers carefully and**

*First Amended Chapter 11 Plan*

discuss them with your attorney, if you have one.

## Article I

### Classification and Treatment of Claims

**Class 1: Priority Claims.**

This class includes allowed claims entitled to priority under § 507 of the Bankruptcy Code (except administrative claims under § 507(a)(2) and priority tax claims under § 507(a)(8), which are treated in Article II). Debtor has creditors in Classes 1(a) though 1(f) as indicated:

_✓_        Debtor has no creditors in Class 1.

___    Class 1(a): claims entitled to priority under Bankruptcy Code § 507(a)(1). Debtor proposes to pay each claim in Class 1(a) in full over __ years time, with __% post-confirmation interest. Payments will be made in equal [monthly][quarterly] amortizing installments, due on the first day of each calendar [month][quarter], starting on the first such date after the Effective Date. This class is impaired and entitled to vote on confirmation of the Amended Plan. For instructions on voting, see Part 2 of the Disclosure Statement. If this Class does not vote to accept the Amended Plan, then each claim in the class will be paid in full on the Effective Date (except to the extent a holder of a claim in the class agrees to other terms).        To the extent that this class contains claims for professionals employed pursuant to court order but not yet allowed by the Court, payment will commence after entry of a court order allowing that claim.

___    Class 1(b): claims entitled to priority under Bankruptcy Code § 507(a)(3). Debtor will pay claims allowed under § 502(f) and entitled to priority under § 507(a)(3) in full on the Effective Date, except to the extent a holder of such claim agrees to other terms. This class is not impaired and not entitled to vote on the Amended Plan.

___    Class 1(c): claims entitled to priority under Bankruptcy Code § 507(a)(4). Debtor proposes to pay each claim in Class 1(c) in full over __ years time, with __% post-confirmation interest. Payments will be made in equal [monthly][quarterly] amortizing installments, due on the first day of each calendar [month][quarter], starting on the first such date after the Effective Date. This class is impaired and entitled to vote on confirmation of the Amended Plan. For instructions on voting, see Part 2 of the Disclosure Statement. If this Class does not vote to accept the Amended Plan, then

1  each claim in the class will be paid in full on the Effective Date (except to the extent a holder of a

2  claim in that class agrees to other terms).

3       Class 1(d): claims entitled to priority under Bankruptcy Code § 507(a)(5). Debtor proposes

4  to pay each claim in Class 1(d) in full over __ years time, with __% post-confirmation interest.

5  Payments will be made in equal [monthly][quarterly] amortizing installments, due on the first day

6  of each calendar [month][quarter], starting on the first such date after the Effective Date.  This class

7  is impaired and entitled to vote on confirmation of the Amended Plan.  For instructions on voting,

8  see Part 2 of the Disclosure Statement.  If this Class does not vote to accept the Amended Plan, then

9  each claim in the class will be paid in full on the Effective Date (except to the extent a holder of a

10  claim in that class agrees to other terms).

11       Class 1(e): claims entitled to priority under Bankruptcy Code § 507(a)(6). Debtor proposes

12  to pay each claim in Class 1(e) in full over __ years time, with __% post-confirmation interest.

13  Payments will be made in equal [monthly][quarterly] amortizing installments, due on the first day

14  of each calendar [month][quarter], starting on the first such date after the Effective Date.  This class

15  is impaired and entitled to vote on confirmation of the Amended Plan.  For instructions on voting,

16  see Part 2 of the Disclosure Statement.  If this Class does not vote to accept the Amended Plan, then

17  each claim in the class will be paid in full on the Effective Date (except to the extent a holder of a

18  claim in that class agrees to other terms).

19       Class 1(f): claims entitled to priority under Bankruptcy Code § 507(a)(7). Debtor proposes

20  to pay each claim in Class 1(f) in full over __ years time, with __% post-confirmation interest.

21  Payments will be made in equal [monthly][quarterly] amortizing installments, due on the first day

22  of each calendar [month][quarter], starting on the first such date after the Effective Date.  This class

23  is impaired and entitled to vote on confirmation of the Amended Plan.  For instructions on voting,

24  see Part 2 of the Disclosure

25  Statement.  If this Class does not vote to accept the Amended Plan, then each claim in the class will

26  be paid in full on the Effective Date (except to the extent a holder of a claim in that class

27  agrees to other terms).

28  **Class 2 : Mortgage(s) on unimpaired secured claims.**

       This class includes claims secured by a lien on property in which Debtor has an interest that

*First Amended Chapter 11 Plan*

1  are unimpaired under the Amended Plan. Debtor will cure any default that occurred before or after

2  the petition date in this case, reinstate the maturity of that claim as such maturity existed before the

3  default, maintain current payments, and not otherwise alter the legal, equitable or contractual rights

4  to which that claim entitles the holder of the claim. All arrears shall be paid in full on the Effective

5  Date, unless the holder of the claim agrees to other terms. Regular payments made thereafter will

6  be made when due under the documents governing claim.

7  These classes are unimpaired and not entitled to vote on the Amended Plan.

8  | Class | Name of Creditor | Address of Collateral | Amount of Arrearages | Regular Monthly Payment |
9  |---|---|---|---|---|
10  | 2(a) | | | | |
11  | 2(b) | | | | |
12  | 2(c) | | | | |

13

14  **Class 3: Other Secured Claims including Debtor's primary residence**

15  This class includes claims secured by a lien on property in which Debtor has an interest, other

16  than the unimpaired secured claims in Class 2, to the extent of the value of that creditor's interest

17  in Debtor's interest in the property, pursuant to § 506 of the Bankruptcy Code. The amount of the

18  claim, if any, in excess of the secured claim is an unsecured claim in Class 3. However if the claim

19  is secured solely by the Debtor's principal residence and there is any amount of equity to at least

20  partially secure the claim, the claim will be paid in full as a secured claim in this class. § 1123(b)(5).

21  The following chart lists Class 3 claims and their proposed treatment under the Amended Plan:

22  **3(a)**  ***Secured claim of:***

Name = Union Bank                       Monthly Payment[1] = $382.40

23

Collateral description = 2665 Lebec Rd.       Payments Begin = month 1

24  Lebec, CA
Priority of lien = First                 Payments End = month 36

25
Principal owed =                         Balloon Payment, if any = n
26  $393,250
                                         Interest Rate = 6.375%
27  Pre-petition arrearage = $12,439.55

28  _____

[1]Payment for arrears only. Debtors to remain current on post petition mortgage payments.
*First Amended Chapter 11 Plan*

Total claim (at petition date) = $405,689.55

Value of collateral (at 12/22/2010) = Sufficient to fully secure Union Bank's debt secured by its First Deed of Trust.[2]

Post-petition interest, etc., if any = $0.00

Allowed secured claim = $434,191.82.[3]

Regular maintenance payments = $2,420.24

**3(b)    Secured claim of:**

Name = Citimortgage                                Monthly Payment[4] =$610.61/1000.00

Collateral description = 2831 Beaver Ave.       Payments Begin = 1-36 @$610.61; month 36 to 43 @ 1000.00

Priority of lien =First                          Payments End =

Principal owed = $418,350.00                             Balloon Payment, if any = n/a

                                                 Interest Rate =6%
Pre-petition arrearage = $14,627.35

Post-Petition deficiencies = $17,552.82 less payments tendered and accepted ($7755.05) = $9797.77

Total claim (at petition date) = $432,977.35  ($25,975.35 cured through the plan)

Value of collateral (at December 23, 2009) = $360,000.00

Post-petition interest, etc., if any =    $438.81

Allowed secured claim = $432,977.35

Regular maintenance payments = $2,925.47

Monthly payments will be due on the first day of the month.

If a secured creditor disputes the value of its collateral as stated above by Debtor, that secured

---

[2]The Debtors and Union Bank stipulated to this value pursuant to a settlement of a motion for relief from automatic stay and a motion to value the real property. This was originally set at the appraisal value in the disclosure statement. The disclosure statement was approved at the August 3, 2010 hearing with this change and the change to the allowed secured claim.

[3]The balance of Union Bank's debt secured by its First Deed of Trust includes all principal, accrued interest, fees and costs up to an including the Effective Date of the Amended Plan, which will be provided to the Debtors immediately prior to the confirmation hearing on the amended plan. Further, the Debtors agree that Union Bank's Loan secured by the First Deed of Trust on the Lebec Property will not be modified in any respect by the Amended Plan.

[4]Payment for arrears only.  Debtors to remain current on post petition mortgage payments.

creditor must timely file an objection to confirmation of the Amended Plan, or the value stated by Debtor will be determined to be the value of the collateral. The objection shall be accompanied by competent evidence of valuation, which need not include an appraisal. If the value of the collateral is disputed, the Court, after consultation with the parties, will schedule a hearing for determining value.

To the extent that there are any defaults that are not being cured or paid in full on or before the effective date, those classes are impaired and entitled to vote on the Amended Plan. See Part 2 of the Disclosure Statement for instructions on voting.

**Class 4:  General Unsecured Claims**.

Class 4(a):  Small Claims. This class includes any allowed unsecured claim of $_n/a_____ or less, and any allowed unsecured claim larger than $_n/a____ but whose holder agrees to reduce its claim to $__n/a____. Each member of this class shall receive on the Effective Date a single payment equal to 100% of the allowed claim. This class is unimpaired and not entitled to vote on the Amended Plan.

Class 4(b):  Other General Unsecured Creditors. This class includes all allowed unsecured claims not in Class 4(a). Each member of Class 4(b) shall be paid 7.5 % of its claim over five years in equal monthly installments, due on the first day of each calendar (month/quarter), starting on the forty-fourth (44th) month after the Effective Date.

This class is impaired and entitled to vote on confirmation of the Amended Plan. For instructions on voting, see Part 2 of the Disclosure Statement.

Undisputed Class 4 claims, as of this date, are listed on **Exhibit C** to the Disclosure Statement.

## Article II

## Treatment of Unclassified Claims

Under Bankruptcy Code § 1123(a)(1), (i) administrative expense claims allowed under Bankruptcy Code § 503(b) and entitled to priority under § 507(a)(2)(including the claims of professionals, United States Trustee fees and domestic support obligations arising post-petition) and (ii) priority tax claims under § 507(a)(8) are not classified and are not entitled to vote on

1   confirmation of the Amended Plan. These claims shall be treated as follows:

2       A. <u>Professional Fees</u>. Professional fees may only be paid upon application to and approval

3   by the Bankruptcy Court. Debtor will pay the professional fees in full in cash on the later of (i) the

4   Effective Date or (ii) approval by the Court, except to the extent that a holder of such claim agrees

5   to other terms. Estimated administrative expenses to be paid under this provision are currently

6   estimated at $20,000.

7       B. <u>Other Administrative Claims</u>. Debtor will pay other claims allowed under § 503(b) and

8   entitled to priority under § 507(a)(2), including domestic support obligations arising post-petition

9   and U.S. Trustee fees, in full on the Effective Date (although expenses arising and paid in the

10  ordinary course of Debtor's financial affairs may be paid as due), except to the extent that a holder

11  of these claims agrees to other terms.

12      C. <u>Tax Claims</u>. Debtor will pay claims entitled to priority under § 507(a)(8) in full over time

13  with _n/a_% interest in equal amortizing payments in accordance with § 511 of the Bankruptcy

14  Code. Payments will be made quarterly, due on the first day of the quarter, starting on the first such

15  date after the Effective Date and ending on the last such date that is no more than 5 years after the

16  petition date. Payment of priority tax claims in full within 5 years of the order for relief and on terms

17  not less favorable than those accorded the most favored non-priority creditor is required by §

18  1129(9)( c).

19                          **Article III**

20              **Allowance and Disallowance of Claims**

21      A. <u>Disputed Claim</u>. A disputed claim is a claim that has not been allowed or disallowed and

22  as to which either: (i) a proof of claim has been filed or deemed filed and the Debtor or another party

23  in interest has filed an objection; or (ii) no proof of claim has been filed and the Debtor has

24  scheduled such claim as disputed, contingent, unliquidated or unknown.

25      B. <u>Delayed Distribution on Disputed Claims</u>. No distribution will be made on account of

26  a disputed claim unless that claim is allowed by final non-appealable order.

27      C. <u>Settlement of Disputed Claims</u>. The Debtor will have the power and authority to settle

28  and compromise a disputed claim with court approval and compliance with Rule 9019 of the Federal

Rules of Bankruptcy Procedure.

## Article IV

### Executory Contracts and Unexpired Leases

A. <u>Executory Contracts and Leases Assumed</u>.  The Debtor assumes the following executory contracts and unexpired leases, effective upon the Effective Date, and shall perform all obligations thereunder, both pre-confirmation and post-confirmation:

| Name of Lessor/<br>Counterparty | Property Address<br>or Description | Lease/Contract Arrears<br>as of Confirmation Hearing Date |
|---|---|---|
| None | None | None |

Any pre-confirmation arrears shall be paid by the Effective Date, unless the parties agree otherwise or the Court finds that a proposed payment schedule provides timely cure and adequate assurance of future performance. Post-confirmation obligations will be paid as they come due.

B. <u>Executory Contracts and Leases Rejected</u>.  The Debtor will be conclusively deemed to have rejected all executory contracts and/or unexpired leases not previously assumed or listed in A above, as of the Effective Date.  A proof of claim arising from the rejection of an executory contract or unexpired lease under this section must be filed no later than 30 days after the date of the order confirming this Amended Plan.   Claims arising from the rejection of an executory contract or unexpired lease under this section are general unsecured claims in Class 4, except to the extent this court orders otherwise.

## Article V

### Means of Implementation

The Amended Plan will be funded through:

✓ a.       $10,000.00 of cash available on the date of the Amended Plan Confirmation Hearing;

✓ b.       additional cash from monthly disposable income (projected to be $_1000.00/month for the five-year period following confirmation); and/or

✓ c.       other sources of funding, as follows:

<u>Access to exempt annuities in the amount of $3,000/year, adding approx. $250/month to plan</u>

*First Amended Chapter 11 Plan*

1  payments.

2  Please see Part 3 of the Disclosure Statement for further details of these projections.

3

4  **Article VI**

5  **Discharge and Other Effects of Confirmation**

6  A.  Discharge.  Upon completion of all payments under the Amended Plan, the Debtor will

7  receive a discharge of all pre-confirmation debts, whether or not the creditor files a proof of claim,

8  accepts the Amended Plan, or has its claim allowed, except as provided in § 1141 of the Bankruptcy

9  Code.  Such discharge will not discharge Debtor from any debts that are non-dischargeable under

10  § 523 of the Bankruptcy Code.

11  B.  Vesting of Property.  On the Effective Date, all property of the estate will vest in the

12  reorganized debtor pursuant to § 1141(b) of the Bankruptcy Code, free and clear of all claims and

13  interests except as provided in the Amended Plan.

14  C.  Amended Plan Creates New Obligations.  The payments promised in the Amended Plan

15  constitute new contractual obligations that replace those obligations to creditors that existed prior

16  to the Effective Date.

17  D.  Creditor Action Restrained.  Creditors may not take any action to enforce either pre-

18  confirmation obligations or obligations due under the Amended Plan, so long as the Debtor is not

19  in Material Default under the Amended Plan.  If the Debtor is in Material Default under the

20  Amended Plan, then affected creditors may:  (i) take any actions permitted under non-bankruptcy

21  law to enforce the terms of the Amended Plan or (ii) move to dismiss this case or to convert this case

22  to a Chapter 7 bankruptcy case.

23  E.  Material Default Defined.  If Debtor fails to make any payment required under the

24  Amended Plan, or to perform any other obligation required under the Amended Plan for more than

25  14 days after the time specified in the Amended Plan, the affected creditor may serve upon Debtor

26  and Debtor's attorney (if any) a written notice of default.  The Debtor is in Material Default under

27  the Amended Plan if the Debtor fails within 21 days of the service of such notice of default either:

28  (i) to cure the default or (ii) to obtain from the Court an extension of time to cure the default or a

*First Amended Chapter 11 Plan*

1   determination that no default occurred.

2       F. <u>Retention of Jurisdiction</u>. This court will retain jurisdiction to the extent provided by law.

3                              **Article VII**

4                          **General Provisions**

5       A. <u>Definitions and Rules of Construction</u>. The definitions and rules of construction set forth

6   in §§ 101 and 102 of the Bankruptcy Code shall apply when terms defined or construed in the Code

7   are used in the Amended Plan.

8       B. <u>Effective Date of Amended Plan</u>. The Effective Date of the Amended Plan is 15 days

9   following the date of the entry of the order confirming the Amended Plan. But if a stay of the

10  confirmation order is in effect on that date, the Effective Date will be the first business day after the

11  date on which no stay of the confirmation order is in effect, provided that the confirmation order has

12  not been vacated.

13      C. <u>Severability</u>. If any provision in the Amended Plan is determined to be unenforceable, the

14  determination will in no way limit or affect the enforceability and operative effect of any other

15  provision of the Amended Plan.

16      D.  <u>Cramdown</u>.  Debtor reserves the right to seek confirmation of the Amended Plan

17  notwithstanding the rejection of the Amended Plan by one or more classes of creditors, pursuant to

18  § 1129(b) of the Bankruptcy Code.

19      E. <u>Binding Effect</u>. The rights and obligations of any entity named or referred to in this

20  Amended Plan will be binding upon and will inure to the benefit of the successors or assigns of such

21  entity.

22      F. <u>Captions.</u> The headings contained in this Amended Plan are for convenience of reference

23  only and do not affect the meaning or interpretation of the Amended Plan.

24      G.   <u>Controlling Effect</u>. Unless a rule of law or procedure is supplied by federal law

25  (including the Bankruptcy Code or the Federal Rules of Bankruptcy Procedure), the laws of the

26  State of California govern the Amended Plan and any agreements, documents, and instruments

27  executed in connection with the Amended Plan, except as otherwise provided in this Amended Plan.

28                          Respectfully submitted,

                          *First Amended Chapter 11 Plan*

By: _____
Horacio Echeverria

By: _____
Hermelinda Echeverria

By: _____
Mark E. Brenner, Esq.
Attorney for the Debtors

| In re: ECHEVERRIA, Horacio and Hermelinda | CHAPTER: 11 |
|---|---|
| Debtor(s). | CASE NUMBER: 1:09-bk-26083-GM |

**NOTE:** When using this form to indicate service of a proposed order, **DO NOT** list any person or entity in Category I. Proposed orders do not generate an NEF because only orders that have been entered are placed on a CM/ECF docket.

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.  My business address is:

7009 Owensmouth, No. 102, Canoga Park CA 91303

A true and correct copy of the foregoing document described as  First Amended Plan of Reorganization

_____ will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d), and **(b)** in the manner indicated below:

**I.  TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF")** - Pursuant to controlling General Order(s) and Local Bankruptcy Rule(s) ("LBR"), the foregoing document will be served by the court via NEF and hyperlink to the document.   On  10/1/10 _____.   I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following person(s) are on the Electronic Mail Notice List to receive NEF transmission at the email addressed indicated below:

Ramesh Singh, Recovery Management Systems Corporation

☑ Service information continued on attached page

**II.  SERVED BY U.S. MAIL OR OVERNIGHT MAIL** (indicate method for each person or entity served):
On _____ I served the following person(s) and/or entity(ies) at the last known address(es) in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States Mail, first class, postage prepaid, and/or with an overnight mail service addressed as follow.  Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

☑ Service information continued on attached page

**III.  SERVED BY PERSONAL DELIVERY, FACSIMILE TRANSMISSION OR EMAIL** (indicate method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on  10/1/10 _____ I served the following person(s) and/or entity(ies) by personal delivery, or (for those who consented in writing to such service method) by facsimile transmission and/or email as follows.  Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

Hon. Geraldine Mund, 21041 Warner Center Lane, Crtm 303, Woodland Hills, CA 91367

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

| 9/30/10 | Mark E. Brenner | |
|---|---|---|
| Date | Type Name | Signature |

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

January 2009                                                                                                    **F 9013-3.1**

Continued Service List

CHRISTOPHER M. MCDERMOTT (CA SBN 253411)
STEFANIE A. SCHIFF (CA SBN 265382)
PITE DUNCAN, LLP
4375 Jutland Drive, Suite 200
P.O. Box 17933
San Diego, CA 92177-0933

David W. Brody
Law Office of David W. Brody
9404 Genesee, Ste. 320
La Jolla, CA 92037

Brice, Vander, Linden
9441 LBJ Freeway, Suite 350
Dallas, Texas 75243

CitiMortgage, Inc.
1000 Technology Drive
O Fallon, Missouri 63368-2240

Chase N.A.
Attn: Bankruptcy Dept
Po Box 100018
Kennesaw, GA 30156

Citimortgage Inc
Po Box 9438
Gaithersburg, MD 20898

Discover Fin Svcs Llc
Po Box15316
Wilmington, DE 19850

First N.B. Credit Card Center
Attention:  Bankruptcy Department
Po Box 3331  Stop Code 3105
Omaha, NE 68103

First Nat. Bank Credit Card Cntr
Attention:  Bankruptcy Department
Po Box 3331  Stop Code 3105
Omaha, NE 68103

Mahmoud Kwara
3194 Avenida Simi
Simi Valley, CA 93063

Union Bank Na
P O Box 85643
San Diego, CA 92138

Union Bank Na
8155 Mercury Ct
San Diego, CA 92111

 Office of the U.S. Trustee
S Margaux Ross
21051 Warner Ctr Ln Ste 115
Woodland Hills, CA 91367

CitiMortgage, Inc.
1000 Technology Drive
O Fallon, Missouri 63368-2240

Brice, Vander, Linden
9441 LBJ Freeway, Suite 350
Dallas, Texas 75243

Advanta Bank Corp
Po Box 844
Spring House, PA 19477

American Express
c/o Becket and Lee
Po Box 3001
Malvern, PA 19355

Bank Of America
Po Box 17054
Wilmington, DE 19850

Calvary Portfolio Services
Attention:  Bankruptcy Department
Po Box 1017
Hawthorne, NY 10532

Capital 1 Bank
Po Box 5155
Norcross, GA 30091

CCB Credit Services, Inc.
PO Box 272
Springfield, IL 62705

Chase
Po Box 15298
Wilmington, DE 19850